IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

OGLETHORPE POWER CORPORATION
and FACTORY MUTUAL INSURANCE
COMPANY,

    Plaintiffs,

vs.      CASE NO. 3:18-CV-72 (CDL)

ETHOSENERGY POWER PLANT
SERVICES, LLC,

    Defendant.

O R D E R

Oglethorpe Power Corporation ("Oglethorpe") operates a natural gas-fired electricity generating facility in Hartwell, Georgia.[1] Oglethorpe contracted with EthosEnergy Power Plant Services, LLC ("Ethos") to perform major maintenance on two of its turbines. Oglethorpe alleges that after Ethos performed the work on one turbine, the turbine suffered a catastrophic failure and was irreparably damaged. Oglethorpe contends that the parts Ethos installed under the contracts were faulty and caused the failure. Oglethorpe brought this action for breach of contract, unjust enrichment, negligence, and strict liability. Ethos argues that Oglethorpe's claims are subject to a mandatory arbitration clause

---

[1] Factory Mutual Insurer Company is Oglethorpe's property insurer and is subrogated to the rights of Oglethorpe to the extent of payments it made under the policy. The Court refers to Plaintiffs collectively as "Oglethorpe."

and that the Court should compel arbitration. In the alternative, Ethos seeks dismissal of Oglethorpe's Amended Complaint pursuant to Federal Rule of Procedure 12(b)(6). As discussed below, the parties have not agreed to arbitration, and therefore, the motion to compel arbitration (ECF No. 12) is denied. Oglethorpe withdrew its strict liability claim, and thus that claim is dismissed. Because Oglethorpe stated plausible claims for unjust enrichment and negligence, those claims cannot be dismissed at this stage of the proceedings, and Ethos's motion to dismiss those claims (ECF No. 12) is denied.[2]

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, if a suit is brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," then the court must stay the action pending arbitration upon application of one of the parties and "upon being satisfied that

---

[2] After Ethos moved to compel arbitration and dismiss Oglethorpe's original complaint, Oglethorpe filed an amended complaint, making Ethos's first motion to compel and dismiss (ECF No. 7) moot. That motion shall be terminated. Ethos then filed its present motion to compel and dismiss (ECF No. 12) in response to the amended complaint. As explained in the remainder of this order, that motion is denied.

the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3.

The question in this case is whether the parties agreed to arbitrate their disputes. Arbitration is a matter of contract, and the Court must not compel arbitration of disputes that the parties did not agree to arbitrate. *See, e.g., AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). "Although the Federal Arbitration Act embodies an 'emphatic federal policy in favor of arbitral dispute resolution,' . . . this policy does not apply to the threshold question of whether there is 'a valid agreement to arbitrate between the parties.'" *Dye v. Tamko Bldg. Prod., Inc.*, No. 17-14052, 2018 WL 5729085, at *3 n.4 (11th Cir. Nov. 2, 2018) (quoting *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) and *Bd. of Trs. of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Mkts., Inc.*, 622 F.3d 1335, 1342 (11th Cir. 2010)). "That question is governed instead by the 'ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)).

Here, Ethos argues that the parties agreed to arbitrate any disputes arising out of their June 8, 2015 and July 2, 2015 contracts. Oglethorpe contends that they did not. Both sides rely on the same contract language:

> Any dispute, controversy or claim arising out of or relating to this Agreement . . . shall be resolved in

3

> the following manner, which shall be in lieu of litigation in any court, except as otherwise specified herein below:
>
> A. Negotiation. The Parties will attempt in good faith to resolve each Dispute promptly by negotiations between senior representatives of the Parties who have authority to settle the Dispute . . . .
>
> B. Arbitration. Unless barred by the statute of limitations, and only upon a written agreement of the Parties to arbitrate separate from this Agreement (an "Agreement to Arbitrate"), any Dispute not resolved through negotiation pursuant to Paragraph A above shall be resolved by a final and binding arbitration to be conducted in Atlanta, Georgia, and administered by the AAA according to its Construction Arbitration Rules then in effect and the following procedures . . . .

Am. Compl. Ex. A, Goods & Services Agreement (June 8, 2015) Ex. C, Dispute Resolution, ECF No. 8-1 at 55-56 ("June Contract"); Am. Compl. Ex. B, Goods & Services Agreement (July 2, 2015) Ex. C, Dispute Resolution, ECF No. 8-2 at 47-48 ("July Contract").

Under Georgia law, "[i]f the language of the contract is plain, unambiguous, and capable of only one reasonable interpretation, that interpretation must control, and no construction of the contract is required or even permissible." *City of Decatur v. DeKalb Cty.*, 713 S.E.2d 846, 849 (Ga. 2011). Here, the relevant language is this: "Unless barred by the statute of limitations, *and only upon a written agreement of the Parties to arbitrate separate from this Agreement (an "Agreement to Arbitrate")*, any Dispute not resolved through negotiation pursuant to Paragraph A above shall be resolved by a final and binding arbitration." June Contract, ECF No. 8-1 at 55 (emphasis added);

4

July Contract, ECF No. 8-2 at 47 (emphasis added). This language is clear and unambiguous. It authorizes arbitration "only" if the parties agree to do so in a "separate" written "agreement to arbitrate." The ordinary meaning of "only" is clear. It means solely or exclusively. Thus, the parties have agreed to arbitrate disputes under one circumstance—if they have entered into a separate written agreement to do so. It is undisputed that no such "separate written agreement to arbitrate" exists. Therefore, the parties have not agreed to arbitrate their dispute.

Contrary to Ethos's argument, the Court's interpretation of the pertinent language does not cause the remaining language in Exhibit C of their agreements to be superfluous. Exhibit C contemplates that the parties, *upon reaching a separate agreement to arbitrate*, shall follow the procedures set forth in Exhibit C. But by setting out the procedures for arbitration, the parties have not agreed to arbitrate, particularly given that the preface to those procedures clearly states that they shall apply *only* if the parties have reached a *separate written agreement* to arbitrate. Because the parties have not agreed to arbitrate their dispute, arbitration cannot be compelled by the Court.

Ethos maintains that even if arbitration is not compelled, Oglethorpe's unjust enrichment and negligence claims must be dismissed. Ethos argues that Oglethorpe cannot assert an unjust enrichment claim and a breach of contract claim together. While

5

Oglethorpe may not be able to *recover* under both theories of recovery *simultaneously*, it may allege the two claims *alternatively.* Accordingly, the unjust enrichment claim is plausibly stated as alternative to the breach of contract claim and shall not be dismissed at this stage of the proceedings.

Ethos argues that Oglethorpe's negligence claim is simply a restatement of its breach of contract claim and violates the "economic loss rule." Construing the allegations of Oglethorpe's complaint in its favor as required at this stage of the proceedings, the Court finds that Oglethorpe has plausibly stated a claim for damages beyond breach of contract damages. If the evidence ultimately does not support that claim, the Court will revisit the issue at summary judgment.

CONCLUSION

For the reasons explained in this Order, Ethos's motion to compel arbitration, and in the alternative to dismiss Oglethorpe's Amended Complaint (ECF No. 12), is denied. The stay of discovery is lifted. The parties shall submit a joint proposed scheduling order within twenty-one days of today's order.

IT IS SO ORDERED, this 27th day of November, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA