```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

OGLETHORPE POWER CORPORATION and FACTORY MUTUAL INSURANCE COMPANY,

    Plaintiffs,

vs.       CASE NO. 3:18-CV-72 (CDL)

ETHOSENERGY POWER PLANT SERVICES LLC,

    Defendant.

## O R D E R

The Court held a telephone hearing on April 28, 2020. The Court made the following rulings. Please see the transcript for more information about the rulings.

1. Defendant's Motion for Sanctions Based on Spoliation of Evidence (ECF No. 56) is DENIED.

2. Plaintiffs' Motion to Exclude Certain Expert Testimony and Evidence (ECF No. 53) is GRANTED IN PART AND DENIED IN PART:

    i. Plaintiffs' motion to exclude non-retained expert testimony is DENIED as to Chris Angelidis, Charles Kaslow, and Paul DiCristoforo. The motion is likewise denied as to Ravindra Annigeri and Steven McArthur, except they shall not be permitted to testify as to cause of turbine failure.

    ii. Plaintiffs' motion to exclude non-retained expert testimony is GRANTED as to Brady Kirkwood, Russell Hallowell, and Massimo Valsania. Defendant represented that they would not testify at trial as experts. These witnesses shall not be permitted to give expert testimony on causation.

      iii. Within fourteen days of the hearing, Defendant shall supplement its interrogatory response regarding Burl Haney. Plaintiff shall be permitted to depose Mr. Haney.

      iv. Plaintiffs' motion to exclude certain testimony of Dr. Henry Bernstein is DENIED, except Defendant shall make Dr. Bernstein available for a reopened deposition on the narrow issue of the second round of Joliet testing.

      v. Plaintiffs' motion to exclude the January 2020 "Ping" data is DENIED.

3. Defendant's Motion to Exclude the Expert Testimony of Huawei Shi (ECF No. 55) is DENIED.

4. Defendant's Motion to Exclude the Expert Testimony of Mark Tanner (ECF No. 57) is DENIED, except that Mr. Tanner shall not be permitted to testify as to ultimate root cause.

5. Defendant's Motion to Exclude the Expert Testimony of Leon Diehl (ECF No. 58) is GRANTED IN PART AND DENIED IN PART. Mr. Diehl shall not be permitted to offer opinion testimony on improper staking. Mr. Diehl shall be permitted to offer testimony on the reasonable cost of repair as a non-retained expert.

6. Defendant's Motion to Exclude the Expert Testimony of John R. Hess (ECF No. 59) is DENIED, except Mr. Hess shall not be permitted to interpret the contract.

7. Plaintiffs' Motion to Compel (ECF No. 52) is DEFERRED, and the lawyers were directed to attempt to work out a solution.

8. Defendant's Motion to Compel (ECF No. 62) is DENIED IN PART and DEFERRED IN PART.

    a. Plaintiff's operator logbooks and manuals – DEFERRED. The lawyers were directed to attempt to work out a solution.

    b. Additional documents pertaining to Leon Diehl – DENIED.

    c. Documents pertaining to Paul Tucker – MOOT.

    d. Answers to Interrogatories 10-14 – DENIED.

      e. Redaction of documents – DEFERRED.  The lawyers were directed to attempt to work out a solution.

The Court will issue a written order on Defendant's summary judgment motion (ECF No. 56).

IT IS SO ORDERED, this 29th day of April, 2020.

                                      S/Clay D. Land
                                      CLAY D. LAND
                                      CHIEF U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA